432 So.2d 660 (1983)
Duncan O. BOWMAN, Appellant,
v.
KINGSLAND DEVELOPMENT, INC., Appellee.
No. 81-1415.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
*662 W.C. Airth, Jr. of Fowler, Williams & Airth, P.A., Orlando, for appellant.
Robert O. Marks of Brooks, Cooper & Marks, Orlando, for appellee.
COWART, Judge.
Appellee, as maker, executed to appellant, as payee, a negotiable promissory note that contained a usual provision that the maker upon default in payment agreed "to pay all costs of collection, including reasonable attorney's fees." Appellee defaulted in payment and appellant filed an action on the note. Two attorneys filed notices of appearance as counsel for appellee, but no motion or answer was filed.[1] Counsel for appellant filed a motion for default and noticed both of appellee's counsel of the time and place for hearing on that motion. The trial court entered a default against appellee. See Fla.R.Civ.P. 1.500(b). Thereafter, without further notice to appellee and upon appellant's ex parte application accompanied by affidavits, the trial court entered final judgment for $65,976.50 which included an attorney's fee of $7,500. A copy of that judgment was served on the two attorneys who had entered their appearance in the cause. Nine months later, appellee moved under Florida Rule of Civil Procedure 1.540 to set aside the final judgment alleging that the award of attorney's fees was unreasonable. Appellant appeals the trial court order granting that motion and, after hearing, reducing the attorney's fees to $4,900.
The issues are whether the claim for attorney's fees in this case was for liquidated or unliquidated damages and the consequent notice requirements to be met with regard to a defendant after default.
A default admits every cause of action that is sufficiently well-pled to properly invoke the jurisdiction of the court and to give due process notice to the party against whom relief is sought. A default also admits the plaintiff's entitlement to liquidated damages due under the pleaded cause of action, but not unliquidated damages. Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. Since every negotiable instrument must be "an unconditional promise or order to pay a sum certain in money" (see, e.g., §§ 673.104(1)(b) and 673.106, Fla. Stat. (1981)), actions for the sums directly due on negotiable instruments are, *663 by definition, actions for liquidated damages. However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment. Since the "reasonableness" of an attorney's fee or other charge for services cannot be ascertained without the presentation of facts relating to the factors that must be considered in determining the reasonableness of a fee, every claim of damages for the reasonable value of services is a claim for unliquidated damages. See, e.g., Code of Professional Responsibility, DR 2-106, Fees for Legal Services; Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981). When entitlement to attorney's fees is based on a contractual provision, they are recovered, not as taxable costs but as an element of damages in an action on the contract. Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982). Accordingly, an item of damages for "a reasonable attorney's fee," is not liquidated. A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. Protection of this right is provided by Florida Rule of Civil Procedure 1.080(h)(1) and the last sentence in Rule 1.440(c). See Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). The judicial error in entering judgment without requiring or providing such notice cannot be held to be remediable solely by appeal because such a rule would necessarily deny review and relief to all who did not discover the error within the time for appeal which is, at this time, thirty days after rendition of the erroneous judgment. Therefore, relief from such a judgment can be by motion under Florida Rule of Civil Procedure 1.540 or by an independent action. We need not, and do not, hold that such an erroneous judgment is void as to such unliquidated damages award (see Rule 1.540(b)(4)) because the entry of such a judgment without notice is, at least, a "mistake" as to the award for unliquidated damages under Rule 1.540(b)(1) and the motion for relief in this case was made within the one year limitation on that subdivision of the rule. As to a single cause of action, some items of damages may be liquidated and others unliquidated. An error in not giving notice when required by due process and Rule 1.440(c) relates only to the unliquidated item of damages which in this case was only the reasonable attorney's fee award. This defect does not make the whole judgment voidable, but only that portion relating to reasonable attorney's fees. That is the only matter in the final judgment that the trial court revisited and that order, granting the motion for relief, is affirmed.
We note with interest that section 673.106(1)(e) provides in effect that the sum payable in a negotiable instrument is a sum certain even though it is to be paid with costs of collection or an attorney's fee or both upon default. The implication of this sentence is a recognition that while the principal and interest due under a negotiable instrument must be a sum certain and hence are liquidated as an item of damages, costs of collection and attorney's fees are normally unliquidated. This statutory provision prevents that fact from causing a promissory note containing a provision for attorney's fee to be non-negotiable.
While we are aware that trial courts and counsel have been lax and inattentive to the notice requirements relating to the trial of unliquidated damages after default as they relate to reasonable attorney's fees in actions on negotiable instruments, failure to give such notice is not the established legal practice of knowledgeable counsel because neither the problem addressed by rule 1.440(c) nor our holding is new or novel. In fact, the legal point in this case is of ancient origin and our conclusion today is the same as that reached by the Florida Supreme Court in cases decided four and six generations ago and from which it has never receded. In Watson v. Seat, 8 Fla. 446, 447 (1859), the defendant failed to plead, but claimed the right to be heard as to the amount of damages. The trial court refused *664 to allow the defendant to inquire into this aspect of the case. Reversing the trial court, the supreme court held that by failure to plead the defendant admitted the plaintiff's right to recover on the pleaded cause of action but nothing more and therefore the defendant was entitled to be heard as to damages. The court observed that this point of practice had not theretofore been made before that court "for the reason, perhaps, that the rule prevailing in the circuit court has been so generally acquiesced in, and we think such practice consonant with reason, justice and law." The court further held that if the action was upon a liquidated demand the court could direct the clerk to assess the damages, but if it was necessary that testimony be adduced to ascertain and fix the amount of damages, a writ of enquiry was to be awarded. The supreme court said that in that event
the plaintiff's counsel is bound to give notice to the opposite party of the execution of a writ of enquiry at the peril of losing his costs, and further, that `all the plaintiff has to prove or the defendant is permitted to controvert is the amount of damages.' Thus it seems that the practice of the common law Court is well settled on this question. It is one of frequent occurrence and much importance with us, and we trust that this decision may have the effect of rendering definite and uniform the practice of our Circuit Court in this respect.
Forty-four years later in the case of Parker v. Dekle, 46 Fla. 452, 35 So. 4 (1903), the principle in Watson v. Seat was applied to the very problem in this case. A default was entered in an action on a promissory note that provided for the payment of a reasonable attorney's fee. The clerk entered judgment upon the original promissory note and an ex parte affidavit from a practicing attorney to the effect that $40 would be a reasonable attorney's fee in the case. The supreme court held this to be a fundamental error, reviewable although not assigned, because in order to ascertain what would be a reasonable attorney's fee in any case required the introduction of testimony. The ex parte affidavit was not testimony and the clerk only had authority to enter judgment where the cause of action was purely and simply a money demand founded upon a contract for the payment of money (i.e., where the damages were liquidated), and not where extrinsic evidence dehors the contract sued upon was necessary to ascertain the amount to be recovered (i.e., where the damages were unliquidated). The court did observe that had the note provided for a fixed percentage of the amount as an attorney's fee, then the clerk could have entered the judgment, for he could have ascertained the amount by a mere calculation.
Therefore, it is clear that an item of damages for a "reasonable" attorney's fee is an item of damages which is not liquidated and is within the plain language of rule 1.440(c).
By motion, appellant seeks attorney's fees on this appeal claiming that this appeal is an integral part of the collection of the debt due on the promissory note which was the subject of the basic action. We disagree. Appellant not only did not prevail in this appeal but we do not consider the appellant's costs incurred in the post-judgment proceeding on appellee's motion attacking the erroneously entered judgment to be a "cost of collection," authorizing attorney's fees under the terms of the promissory note in question. The right to attorney's fees under any contractual provision is limited by the terms of such provision. Attorney's fees are not necessarily recoverable as to any and all litigation relating to a contract that provides for attorney's fees. See, e.g., Ocala Warehouse Investments, Ltd. v. The Bison Company, 416 So.2d 1269 (Fla. 5th DCA 1982).
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I disagree that a provision in a promissory note for a reasonable attorney's fee *665 makes notice necessary under Florida Rule of Civil Procedure 1.440(c). The Rule now provides that notice of trial or final hearing after default has been entered is required if the damages are "not liquidated." These Rules were apparently intended to change the result promulgated by the Florida Supreme Court in Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971). That case held that notice was not required under the prior Rules to a defaulted party in any case, whether it involved liquidated or unliquidated damages. Florida Rule of Civil Procedure 1.080(h)(1) further provides that service of further notices or pleadings need not be made on parties against whom a default has been entered "except orders setting an action for trial as prescribed in Rule 1.440(c)."
The difficulty is that the term "not liquidated damages" is not defined by the Rules. I cannot agree with the majority that the language of Rule 1.440(c) is clear or that its meaning is plain. Further, no case decided under the current Rule 1.440(c), which states that notice is required, addresses the issues in this case.[1] As the majority opinion recognizes, the understanding and practice of the bar of this State has long been not to give notice of final hearing to parties who are in default when the suit is based on a note or mortgage,[2] when there is a provision for an award of reasonable attorney's fees in the instrument sued upon. Fees and costs are generally considered auxiliary to the main cause of action.
The impact of this decision is far-reaching. It destabilizes the finality of recorded judgments and liens of many kinds, some of which affect land titles. The majority opinion attempts to channel the ground to attack final judgments obtained in violation of this new interpretation of Rule 1.440(c) to that of mistake under Rule 1.540(b)(1), which must be raised within one year of the judgment. I question that the opening of Pandora's Box can be confined to such a crack. Is the new interpretation of this Rule, which overturns established law practice, the kind of mistake intended by Rule 1.540(b)? Is it a mistake at all? Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980), relied upon by the majority, held that a judgment obtained in violation of Rule 1.500(a) and Rule 1.440(c) is void. Thus, this ground possibly could be raised within a "reasonable time," or perhaps at any time, if the majority opinion is correct that such judgments violate due process. Because the majority opinion overturns the established practice of law in this area and may have far-reaching consequences, I think the issues raised here should be certified to the Florida Supreme Court as involving questions of great public interest and importance.
Turning to the issues which were briefed and argued before us by the parties, I would conclude that the trial court erred in allowing Kingsland to present evidence concerning the reasonableness of an attorney's fee which had been set by the court some nine months previously. The fact that a trial court would have decided a factual issue differently had it heard additional evidence, which was not presented at the prior hearing, is not the kind of "mistake" or "inadvertence" which allows the collateral challenge of a final judgment under Rule 1.540(b)(1). If the evidence originally presented to the court did not support the size of the fee awarded, the error must be *666 classified as a judicial error, remediable solely by appeal.[3]See In re Estate of Beeman, 391 So.2d 276 (Fla. 4th DCA 1980).
Finally, I would award Bowman a reasonable attorney's fee for this appeal. In this proceeding Bowman filed a Motion for Attorney's Fees with this court. The Promissory Note generally provides for attorney's fees "whether suit be brought or not." The defense of Kingsland's motion to set aside the original award and the appeal here were obviously necessary to defend the original award. Further, Kingsland's collateral attack on the fee award was in the nature of a belated appeal, and the majority decision is based primarily on that view. Although not directly applicable, section 59.46(1), Florida Statutes (1981), affords a further basis to conclude Bowman is entitled to have a reasonable attorney's fee assessed by the trial court on remand.[4]
NOTES
[1] The filing of a "notice of appearance" as a responsive pleading to a declaration (complaint) was a practice in Florida prior to 1950, but under Florida Rule of Civil Procedure 1.100 such a paper is not a responsive pleading and is no substitute for an answer or motion. It is an obsolete practice and its function is to delay or prevent the entry of a default. Procedurally, the practice is dangerous, see Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980), and is properly condemned. See Leon Shaffer Golnick Advertising v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).
[1] In the context of Florida Rule of Civil Procedure 1.440(c), unliquidated damages cases which required notice include: Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980) (a suit for damages for wrongful conversion of personal property); A-United Auto Rentals of Broward County, Inc. v. Lee, 388 So.2d 1091 (Fla. 3d DCA 1980) (a punitive damages award, but not the compensatory award in the same case); Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980) (a tort case involving assessment of damages by a jury against a defendant and his insurance carrier); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980) (a lessor's suit to evict a lessee and for damages under a lease where the rent was a fixed annual amount plus a percentage of profits, and the basis for the damages sought was the lost revenue due to the lessor's failure to keep some machines operable).
[2] Clearly these types of suits are classic examples of "liquidated" damage suits. Black's Law Dictionary 353 (5th ed. 1979).
[3] Further, appellant did not allege or show that the evidence regarding fees presented at the hearing on the motion to vacate was newly discovered, which, by due diligence, could not have been discovered in time to move for a rehearing. Fla.R.Civ.P. 1.540(b).
[4] Section 59.46(1), Florida Statutes (1981), provides:

In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.