## GRIMSLEY v GOLDEN

### Case No. 89-24-AP Division CV-H

Fourth Judicial Circuit, Duval County

October 25, 1989

### APPEARANCES OF COUNSEL

**George C. Grimsley,** appellant, pro se.

**James T. Golden, Esquire,** appellee, pro se.

### OPINION OF THE COURT

HENRY F. MARTIN, JR., Circuit Judge.

### *NATURE OF CASE*

After a bench trial on damages, the trial court entered judgment finding that the Plaintiff failed to meet the required burden of proof as to damages. Thereupon, no damages were awarded.

Appellant (Plaintiff below) contends that since a default had been entered in his favor he is entitled to a judgment that awards at least nominal damages.

### *FACTS*

Appellant filed suit against his former attorney in which he alleged breach of contract and negligence. Appellee is an attorney who agreed

to represent Appellant in a civil matter. Appellee did represent Appellant, but not to Appellant's satisfaction and Appellant sought damages in connection therewith.

The present action was filed in County Court and a default was entered against Appellee for failure to plead or otherwise appear in the action. Thereafter, the matter came on for trial before the court upon the issue of *unliquidated* damages. The lower court specifically found that Appellant had not met his burden of proof in establishing any damages and Final Judgment was entered accordingly.

Appellant contends that the default entered against Appellee established liability and that he was entitled to an award of nominal damages at least. However, the law is clear that a default establishes a Plaintiff's entitlement to *liquidated* damages under a well-pleaded cause of action, but not *unliquidated* damages. *Bowman v Kingsland Development, Inc.,* 432 So.2d 660, 663 (Fla. 5th DCA 1983).

The Court has considered the other points raised by Appellant and finds that Appellant has failed to demonstrate any reversible error. The trial Court simply found that Appellant had failed to establish his unliquidated damages by the requisite degree of proof. Therefore, the judgment appealed from must be and is hereby

AFFIRMED.