922 So.2d 1090 (2006)
Terrie G. VIETS, Appellant,
v.
AMERICAN RECRUITERS ENTERPRISES, INC., Appellee.
No. 4D04-3423.
District Court of Appeal of Florida, Fourth District.
March 22, 2006.
*1092 Gene Reibman, Fort Lauderdale, for appellant.
Lisa D. MacClugage of Tripp Scott, P.A., Fort Lauderdale, for Appellee-American Recruiters Enterprises, Inc.
TAYLOR, J.
Terrie G. Viets, plaintiff below, appeals the denial of her motion to vacate the trial court's entry of a default, default final judgment, and attorney's fees on the counterclaim of American Recruiters Enterprises, Inc. (AREI). AREI, defendant below, cross-appeals the trial court's decision to vacate dismissal of the plaintiff's complaint. The default and dismissal were entered after plaintiff failed to comply with an administrative order requiring her to declare her representation status after her attorney withdrew and after plaintiff failed to appear at a case management conference. We conclude that the dismissal, default, and default judgment were entered in violation of plaintiff's due process rights to notice and a hearing, rendering them *1093 void. We therefore reverse the denial of relief from the default, default judgment, and attorney's fee award as requested in the main appeal and affirm the trial court's vacation of the dismissal with prejudice on the cross-appeal.
Plaintiff owns a personnel recruitment franchise, which she purchased from franchisor AREI. On April 23, 2002, plaintiff sued AREI for breach of contract, rescission, and statutory restitution under section 817.416(3), Florida Statutes. This statute provides remedies for misrepresentations by franchisors. Plaintiff's complaint demanded a jury trial. The defendant counterclaimed, seeking damages and attorney's fees.
Before November 2002, plaintiff worked out of an office at 8004 Lorain Avenue, Cleveland, Ohio 44102. This was the address where she generally received mail regarding this lawsuit. In November 2002, plaintiff and her husband were going through an acrimonious divorce. At that time, the husband permanently locked plaintiff out of the Lorain Avenue office. Thereafter, he sent her mail to her new address only sporadically.
On May 22, 2003, the trial court entered an order permitting plaintiff's attorney to withdraw. That order required plaintiff within twenty days to either: a) retain a new attorney and have that new attorney file a written appearance, or b) file a written notification with the clerk advising the court that "the parties wish to represent themselves." The order advised that failure to comply with this order could result in default or dismissal. The order concluded by requiring all future pleadings to be served on the plaintiff at "8004 Lorian" (sic). Plaintiff did not receive a copy of this order until sometime around November 2003, when she started receiving mail concerning this case at her home address.
The case sat dormant for several months until September 16, 2003, when the trial court served notice of a case management conference to be held on October 3, 2003. The notice stated that "FAILURE TO ATTEND MAY RESULT IN DISMISSAL OR DEFAULT." Plaintiff did not receive this notice of hearing until September 30, 2003. That same day, plaintiff called the judge's office and spoke with his judicial assistant. Following the judicial assistant's instructions, plaintiff immediately sent a letter by express mail to the judge, in which she explained her circumstances, requested a continuance, and provided her new "Lake Road" home address.
Although plaintiff did not send a copy of the letter to the defendant's counsel, the letter was apparently received by the trial judge before the October 3, 2003 case management conference. The record is silent as to whether the trial judge shared the letter with defendant's counsel at the case management conference. At that conference, the trial court entered the following handwritten order:
ORDERED AND ADJUDGED that Plaintiff's complaint is hereby dismissed with prejudice for Plaintiff's failure to attend the court's October 3, 2003 case management (sic) after proper notice and Plaintiff's failure to comply with this court's May 22, 2003 Order on Plaintiff's Counsel's Motion to Withdraw. Defendant's ore tenus motion for default against Plaintiff on Defendant's counterclaim is deferred until Defendant moves for default and notices same on the Court's motion calendar.
The form order states, "Copies furnished: Defendant, Plaintiff." It is undisputed that the order was initially sent only to plaintiff's former Lorain Avenue address and that she did not receive it until mid-November.
*1094 On October 8, 2003, defendant served a motion for default on its counterclaim. It was mailed only to the "Lorian Street" (sic) address, along with a notice of hearing. The attorney who signed the notice on behalf of the defendant's law firm stated in her answer brief that she was not apprised of plaintiff's new address until the October 16, 2003 hearing on the motion for default, at which time the trial court showed her the letter and informed her of the new address. Despite the notice problem, defense counsel went forward with the default hearing and the trial court entered an order of default based on: 1) the plaintiff's failure to file the notice regarding representation as required by the trial court's May 22, 2003 order; 2) her failure to appear at the October 3, 2003 case management conference; and 3) her failure to appear at the hearing on the motion for default.[1]
On October 31, 2003, defendant served its motion for a default final judgment, supported by an "Affidavit of Indebtedness." The affidavit stated that plaintiff owed defendant royalty damages of $36,933.37, recruiting fines of $5,500, $500 for unreturned training manuals, and prejudgment interest of $5,170.66. Also attached to the motion were a proposed final judgment, copies of the trial court's previous order on the withdrawal of counsel, the order dismissing plaintiff's claims with prejudice, and the order granting the default on the counterclaim. This motion and its attachments were served on plaintiff by mail at both her prior office address on Lorain Avenue and her current residential address on Lake Road. Plaintiff acknowledged receipt of the motion and attachments. The motion for a default final judgment, however, was not set for any hearing whatsoever. Instead, defendant simply mailed the motion to the trial judge and, on November 3, 2003, the judge signed the proposed final judgment and mailed it back (with a copy to defendant at both addresses). The final judgment of $48,104.33 reserved jurisdiction to award defendant attorney's fees.
On November 7, 2003, defendant served its motion for an award of attorney's fees and costs, supported by time records and attorney affidavits. The motion was served, along with a notice of hearing for November 11, 2003. On November 24, 2003, the trial court entered a final judgment of attorney's fees and costs in the amount of $17,201.00. Defendant then attempted to conduct some discovery in aid of execution of its judgments.
On April 28, 2004, roughly six months after she received the motion for default final judgment and the prior orders attached thereto, plaintiff, through newly-retained counsel, moved to vacate the dismissal with prejudice of her complaint, the default, the default final judgment, and the attorney's fee and cost judgment. In her supporting affidavit, plaintiff stated that *1095 she did not timely receive the order of dismissal of her complaint, the motion for entry of default on her counterclaim, and the notice of hearing on that motion because they had been sent only to the Lorain Avenue office address.
At the hearing on plaintiff's motion, the trial judge acknowledged that he had erred in failing to give plaintiff notice and a hearing before dismissing her complaint with prejudice. He rejected defendant's argument that he committed a mere mistake of law which should have been appealed. Instead, the judge viewed the matter as a denial of due process and vacated the dismissal of her complaint. However, he determined that there was no failure of due process with regard to the default and default final judgment. He further found that plaintiff's inaction for six months after receiving notice constituted a failure of due diligence and thus did not meet the criteria for setting aside a default for excusable neglect. Consequently, the judge denied plaintiff's motion to vacate the default, default judgment, and the prevailing party attorney's fee and cost judgments.

THE DEFAULT JUDGMENT
A trial court's refusal to vacate a default judgment is reviewed for a gross abuse of discretion. See Finkel Outdoor Prods., Inc. v. Lasky, 529 So.2d 317, 318 (Fla. 2d DCA 1988).
Rule 1.540(b)(4) provides relief from void judgments. Relief from a void judgment may be granted at any time. See Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988); Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758, 759 (Fla. 3d DCA 1986).
A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void. See Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990); Ryan's Furniture Exch., Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935); Shields, 528 So.2d at 968; Niki Unlimited, Inc. v. Legal Servs. of Greater Miami, 483 So.2d 46, 48 (Fla. 3d DCA 1986). Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure before judgment is rendered. See J.B. v. Fla. Dep't of Children & Family Servs., 768 So.2d 1060, 1063 (Fla.2000) quoting Dep't of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991); Ryan's Furniture, 162 So. at 487.
Where an action involves unliquidated damages, a party against whom default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend. See Pierce v. Anglin, 721 So.2d 781 (Fla. 1st DCA 1998). In Pierce, the court explained:
A default admits a defendant's liability for liquidated damages. "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." See Bowman v. Kingsland Development, Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983).
Id. at 783. We have reviewed the counterclaim and affidavit in support of the default final judgment in this case and conclude that the defendant's damages were not liquidated. Plaintiff was thus entitled to notice and a hearing on the motion for default final judgment.
In Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133, 1134 (Fla. 5th DCA 1987), the court held that the defendant's fundamental due process rights were violated because the notice of trial on the unliquidated damages was sent by the opposing attorney rather than the court and, *1096 further, did not give the requisite thirty-days' notice of the trial. In this case, no hearing was scheduled or held at all on the motion for default judgment, and the default judgment was entered upon just the proposed order sent by mail to the court. Because plaintiff was denied due process, we reverse the default judgment on the counterclaim.

THE DEFAULT
An order denying a motion to vacate a default is reviewed under an abuse of discretion standard. See Jeyanandarajan v. Freedman, 863 So.2d 432, 433 (Fla. 4th DCA 2003).
The issue here is one of notice. The motion for default and notice of hearing were sent to plaintiff's old address of "8004 Lorian Street" (sic), rather than to her "new" Lake Road address given to the court in her September 30, 2003 letter. It is not clear whether defense counsel saw the letter at the October 3, 2003 case management conference and should have mailed the motion and notice to the new address. See Zeigler v. Huston, 626 So.2d 1046, 1048 (Fla. 4th DCA 1993) (under either rule 1.200(c) or 1.500(b), it is fundamental that in order to properly enter a default after a party has appeared, notice of the intention to enter a default must be served and the failure to do so is a violation of due process).
In any event, counsel for defendant acknowledges that she was apprised by the trial court of plaintiff's letter containing her correct address at the October 16, 2003 default hearing. At that time, defense counsel knew or should have known that plaintiff did not receive notice of the default hearing. Counsel should have alerted the trial court to this problem and asked to reset the hearing after proper notice could be given. She should not have gone forward with the motion and then notified plaintiff of the default proceeding after default was entered. This resulted in a denial of due process, which voids the default, and derivatively the default judgment. See Jeyanandarajan, 863 So.2d at 433 (any reasonable doubt in vacating a default should be resolved in favor of granting the application and allowing a trial upon the merits); Sanchez v. Horrell, 660 So.2d 366, 367 (Fla. 4th DCA 1995) ("reasonable doubt should be resolved by vacating a default"); see also R.H. v. Dep't of Children & Family Servs., 860 So.2d 986, 988 (Fla. 3d DCA 2003) ("Florida public policy favors an adjudication on the merits over the entry of default"); Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1104 (Fla. 4th DCA 1985).

ATTORNEY'S FEES
Rule 1.540(b)(5) provides for relief from a judgment where "a prior judgment or decree upon which it is based has been reversed or otherwise vacated." Where a court awards prevailing party attorney's fees and the underlying judgment is vacated, the attorney's fee judgment must also be vacated. See Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999); Div. of Admin., State of Fla. Dep't of Transp. v. Consolidated-Tomoka Land Co., 448 So.2d 12, 13 (Fla. 4th DCA 1984). Once the trial court vacated the dismissal of plaintiff's complaint, it was no longer possible to identify the prevailing party. Thus, vacating the attorney's fee award was mandatory. Similarly, our reversal of the default final judgment on defendant's counterclaim requires setting aside the attorney's fee award.

THE CROSS-APPEAL
The trial court properly vacated the dismissal with prejudice of plaintiff's complaint after concluding that it had failed to grant her a separate hearing before entering that sanction. See Camerota v. Kaufman, 666 So.2d 1042, 1045 (Fla. 4th DCA 1996) (before entering a default for *1097 failure to appear at a status conference, notice of the intention to enter that sanction must be served on the offending party); see also Zeigler, 626 So.2d at 1048 (motion to vacate default had to be granted where no notice of status conference, show cause hearing, or default); Adlington v. Fla. Parole Comm'n, 824 So.2d 256, 257 (Fla. 4th DCA 2002) (noting that when petitioner did not appear at case management conference, trial court issued order to show cause why the case should not be dismissed for lack of prosecution). Here, the trial court correctly found that it had denied plaintiff due process. The dismissal was therefore void and could be vacated at any time. As did the trial court, we reject defendant's argument that the judgments entered by the court resulted from a mere mistake of law and could be redressed only on appeal, rather than through rule 1.540 relief. See Curbelo, 571 So.2d at 445 ("It is well settled that where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void.") (emphasis supplied).
Based on the foregoing, we reverse the trial court's order denying plaintiff's motion to vacate the default and final default judgment on defendant's counterclaim and the separate judgment awarding attorney's fees. We affirm the trial court's order granting plaintiff's motion to vacate the order dismissing her complaint.
Affirmed in part, reversed in part, and remanded.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] The record reflects that a different attorney appeared for defendant at the hearing on plaintiff's motion to vacate the default and default final judgment. At that hearing, the trial court inquired about why the notice was only sent to the "old" address after the plaintiff had informed the court of the new address in her September 3, 2003 letter:

THE COURT: Didn't you have the September 3rd letter from her?
MR. COOPER: I don't know, Your Honor.
THE COURT: The notice for the default hearing, which was held on October 16th, was not sent to the address contained in the September 30th letter, was it?
MR. COOPER: No, sir.
THE COURT: You knew about the September 30th letter.
MR. COOPER: I don't know, sir.
THE COURT: Why didn't you?
MR. COOPER: I wasn't the attorney on the case at the time, so I can't tell you what they knew or didn't know.