957 So.2d 662 (2007)
CELLULAR WAREHOUSE, INC., Appellant,
v.
GH CELLULAR, LLC, Appellee.
No. 3D06-2436.
District Court of Appeal of Florida, Third District.
April 11, 2007.
*663 Smoler, Lerman, Bente & Whitebook, Miami and Carlos D. Lerman and Jodi Lerman, Hollywood, for appellant.
*664 Martin A. Feigenbaum, Miami, for appellee.
Before COPE, C.J., and GREEN and LAGOA, JJ.
LAGOA, Judge.
The defendant, Cellular Warehouse, Inc. ("Cellular Warehouse"), appeals from an order denying its motion to set aside a default final judgment. We reverse the trial court's order and vacate that portion of the default final judgment awarding unliquidated damages.
I. FACTUAL AND PROCEDURAL HISTORY
GH Cellular, LLC ("GH Cellular") filed an action against Cellular Warehouse for breach of contract,[1] recovery on a promissory note, money lent, and unjust enrichment. In the breach of contract and unjust enrichment counts, GH Cellular sought damages in the amount of $41,742.46. This amount included a liquidated damages claim in the amount of $8,800 for failure to make payments under the terms of the contract, as well as late fees. This amount also included claims for "additionally incurred extensive and substantial expenses" as a result of the breach of contract. These expenses were set forth in invoice exhibits attached to the complaint. Among the claimed expenses were business operating expenses, amounts for several assets GH Cellular alleged were stolen by an officer of Cellular Warehouse, and "loss of dealerships which generated a monthly income for the Plaintiff." The damages for "loss of dealerships" were labeled on the invoice as damages caused by the same officer alleged to have stolen assets. GH Cellular also sought recovery of attorney's fees.
Because Cellular Warehouse did not file or serve any paper in the action, GH Cellular filed a motion for clerk's default, along with a packet containing a default final judgment. The clerk subsequently entered a default against Cellular Warehouse. When GH Cellular realized that the default final judgment had not been entered, GH Cellular mailed another letter to the default clerk enclosing three additional copies of the proposed default final judgment and requesting that the clerk have the trial court execute the proposed default final judgment and forward it to the parties. GH Cellular did not notice or schedule the entry of the proposed default final judgment, which contained both liquidated and unliquidated damages, for trial. The trial court, without benefit of a trial, entered the proposed default final judgment in favor of GH Cellular in the total amount of $45,838.46, including $3,500 in attorney's fees.[2] It is undisputed that the default final judgment was entered without providing Cellular Warehouse with notice or an opportunity to be heard.
Cellular Warehouse subsequently filed a motion to set aside the default final judgment pursuant to Florida Rule of Civil Procedure 1.540. The trial court denied the motion, and Cellular Warehouse appeals from that order.
II. STANDARD OF REVIEW
We review an order denying a motion to vacate a default judgment under a gross abuse of discretion standard. Viets v. American Recruiters Enterprises, Inc., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006).
*665 III. ANALYSIS
On appeal, Cellular Warehouse argues that the trial court erred in entering a default final judgment, that included unliquidated damages, without providing Cellular Warehouse with notice and an opportunity to be heard pursuant to Florida Rule of Civil Procedure 1.440(c).[3] We agree and reverse.
While a default admits all well-pleaded allegations of a complaint including a plaintiff's entitlement to liquidated damages, it does not admit entitlement to unliquidated damages. Bowman v. Kingsland Development, Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983). Damages are liquidated "when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." Id. at 662. Damages are not liquidated, however, "if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment." Id. at 663. Claims for reasonable attorney's fees are considered unliquidated damages. See id.; see also Latin American Cafeteria, Inc. v. Zales Meats Distributors, Inc., 921 So.2d 768, 771 (Fla. 3d DCA 2006). In this case, the trial court awarded $3,500 in attorney's fees.
In addition to attorney's fees, GH Cellular also sought damages for lost business profits, stolen assets, and operating expenses. These damages were not established by the parties' agreement nor are they capable of being determined by arithmetical calculation. Instead, these damages require testimony to ascertain a value and are properly categorized as unliquidated. See Rich v. Spivey, 922 So.2d 326 (Fla. 1st DCA 2006)(plaintiff's valuation of stolen items constituted unliquidated damages); Boulos v. Yung Sheng Xiamen Yong Chemical Industry Co., Ltd., 855 So.2d 665 (Fla. 4th DCA 2003)(damages for "lost business" were unliquidated); United States Fire Ins. Co. v. C & C Beauty Sales, Inc., 674 So.2d 169, 172 (Fla. 3d DCA 1996)("The fact that [plaintiff] alleged in its complaint that the value of the stolen inventory was a certain amount does not make the claim liquidated. That determination can only be made after evidence has been presented and testimony taken on the issue of exactly what inventory was stolen and how much it was worth."). A review of the complaint and attached exhibits shows that GH Cellular was entitled to $8,800 in liquidated damages. Based on the amount of the final default judgment, it is clear that a majority of the damages awarded were, therefore, unliquidated damages. Cellular Warehouse was entitled to notice and an opportunity to be heard prior to the trial court awarding such damages. Viets, 922 So.2d at 1095. Accordingly, the trial court grossly abused its discretion in denying Cellular Warehouse's motion to set aside the final default judgment when it is clear that the majority of the $48,838.46 awarded GH Cellular constituted unliquidated damages.
On appeal, GH Cellular argues that the trial court's order should be affirmed as Cellular Warehouse improperly proceeded below under Rule 1.540. Specifically, GH Cellular claims that because Cellular Warehouse received notice of the default final judgment after execution by the trial court, its only recourse for any *666 objection was either through a motion for rehearing or a direct appeal.[4] We find GH Cellular's argument without merit.
It is well settled that a defaulting party "has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." Bowman v. Kingsland Development, Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983); accord Watson v. Internet Billing Co., Ltd., 882 So.2d 533 (Fla. 4th DCA 2004); Pierce v. Anglin, 721 So.2d 781 (Fla. 1st DCA 1998). Indeed, "[t]he setting of unliquidated damages without the required notice and without proof is regarded as fundamental error." Security Bank, N.A. v. BellSouth Adver. & Publ'g Corp., 679 So.2d 795, 800 (Fla. 3d DCA 1996), approved, 698 So.2d 254, 256 (Fla.1997); see also, Williams v. Direct Dispensing, Inc., 630 So.2d 1195 (Fla. 3d DCA 1994); Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987).
Contrary to GH Cellular's assertion, the relevant notice to which Cellular Warehouse was entitled was notice and an opportunity to be heard before the entry of a default final judgment that awarded unliquidated damages. Indeed, due process requires fair notice and a real opportunity to be heard before judgment is rendered. Where an action involvesas in this caseunliquidated damages, "a party against whom default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend." Viets v. American Recruiters Enterprises, Inc., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006). It is irrelevant to this analysis that Cellular Warehouse had notice of the default final judgment after it was entered. A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void, and Rule 1.540(b)(4) provides relief from void judgments at any time. Viets, 922 So.2d at 1095 (reversing default final judgment awarding unliquidated damages where judgment was entered upon just the proposed order being sent by mail to the court; plaintiff denied due process); Hutchison v. Chase Manhattan Bank, 922 So.2d 311, 315 (Fla. 2d DCA 2006)(where appellant did not receive notice before entry of orders, the appropriate procedure for attacking void judgment was Rule 1.540(b)); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988)(relief from void judgment may be granted at any time). An error in notice, however, does not void the entire judgment, only that portion awarding unliquidated damages. Bowman, 432 So.2d at 663. As the appropriate vehicle for attacking a void judgment is a motion for relief under Florida Rule of Civil Procedure 1.540(b), we find that Cellular Warehouse properly proceeded under this rule in seeking relief from the default final judgment.
III. CONCLUSION
It is undisputed that the trial court entered the default final judgment without providing Cellular Warehouse notice and an opportunity to be heard. This constitutes fundamental error. Because Cellular Warehouse was not provided with notice *667 and an opportunity to be heard pursuant to Rule 1.440(c), Florida Rule of Civil Procedure, at a stage in the proceeding in which unliquidated damages were determined and awarded, the trial court abused its discretion in denying Cellular Warehouse's motion to set aside the default final judgment. Accordingly, we reverse the trial court's order denying Cellular Warehouse's motion and vacate that portion of the default final judgment awarding unliquidated damages. We further remand this case for a trial on unliquidated damages.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] The parties had entered into an agreement for Cellular Warehouse to purchase a fifty percent ownership interest in the assets of GH Cellular.
[2] The executed default final judgment was apparently served on Cellular Warehouse at its place of business.
[3] Florida Rule of Civil Procedure 1.440(c) provides in pertinent part: "In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a)."
[4] To support this proposition, GH Cellular cites to this Court's opinion in Rutshaw v. Arakas, 549 So.2d 769 (Fla. 3d DCA 1989). Rutshaw, however, is not controlling in the instant case. First, the issue in Rutshaw was one of insufficient notice, not lack of notice. Indeed, in Rutshaw, after a default was entered, a trial on damages was held with one day's notice. Additionally, in that case, unlike in this one, the trial on damages was attended by one of the two defendants and the defendant in attendance did not object to the proceeding.