PER CURIAM.
 

 1445 Washington Limited Partnership (“the partnership”) appeals an attorney’s fee judgment in favor of Ryan Lemontang (“Lemontang”). We reverse.
 

 Lemontang filed a class action against the partnership. The partnership failed to respond, and the clerk entered a default. The trial court entered a final default judgment entitling Lemontang to attorney’s fees. Lemontang subsequently filed a motion to determine the attorneys fees, noticing the motion for hearing eight days thereafter. The partnership failed to appear at the hearing, and the trial court
 
 *1081
 
 awarded Lemontang’s counsel $31,500 in attorneys fees.
 

 The partnership appeals from the trial courts denial of a motion to vacate the attorneys fee judgment. Among other grounds, the partnership asserts that the trial court erred in entering judgment for unliquidated damages without proper notice. Lemontang contends the trial court properly awarded attorneys fees. We agree with the partnership.
 

 A defaulting party is entitled to notice and an opportunity to be heard on unliquidated damages.
 
 Cellular Warehouse, Inc. v. GH Cellular, LLC,
 
 957 So.2d 662, 665 (Fla. 3d DCA 2007); Fla. R. Civ. P. 1.440(c). Rule 1.440(c) specifically states that “actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default.” At a minimum, due process requires that a party be given sufficient notice to prepare for a hearing.
 
 See e.g., Herranz v. Siam,
 
 2 So.3d 1105 (Fla. 3d DCA 2009);
 
 Crepage v. City of Lauderhill,
 
 774 So.2d 61 (Fla. 4th DCA 2000).
 

 Where a default is entered, the defaulting party admits entitlement to liquidated damages, but not unliquidated damages.
 
 Cellular Warehouse,
 
 957 So.2d at 666. Damages are liquidated when the exact amount due may be determined from the pleadings.
 
 See e.g., Bowman v. Kingsland Dev., Inc.,
 
 432 So.2d 660, 662 (Fla. 5th DCA 1983). Where evidence must be presented to determine the amount, however, damages are unliquidated. 432 So.2d at 663. An attorneys fees award requires competent and substantial evidence to determine reasonableness.
 
 Brewer v. Solovsky,
 
 945 So.2d 610, 611 (Fla. 4th DCA 2006). Therefore, attorneys fees are considered unliquidated damages.
 
 See e.g., Cellular Warehouse,
 
 957 So.2d at 665.
 

 Here, the partnership was not afforded reasonable notice or an opportunity to be heard before the trial court awarded attorneys fees. Lemontang served the motion for attorneys fees and the notice of hearing at the partnerships place of business only a few days before the scheduled hearing. This left the partnership with insufficient time to prepare for an eviden-tiary hearing. Additionally, the trial courts order awards Lemontang’s counsel $31,500 in fees without stating what, if any, evidence Lemontang presented to prove that the amount was reasonable for a simple default action.
 

 Accordingly, we reverse the final default judgment awarding attorneys fees, and remand for an evidentiary hearing upon proper notice.
 

 Reversed and remanded with instructions.