PER CURIAM.
We hold there was competent substantial evidence to support the trial court’s finding that appellant was properly served with process, and the trial court did not abuse its discretion in denying appellant’s motion to set aside the default final judgment on the basis that appellant failed to demonstrate excusable neglect and due diligence. See, e.g., Szucs v. Qualico Dev., Inc., 893 So.2d 708, 711 (Fla. 2d DCA 2005); Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 303 (Fla. 2d DCA 2004).
We reverse, however, that portion of the triail court’s order as it relates to the default final judgment’s award of unliquidat-ed damages. “While a default admits all well-pleaded allegations of a complaint including a plaintiffs entitlement to liquidated'damages, it does not admit entitlement to unliquidated damages.” Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662, 665 (Fla. 3d DCA 2007). “It is well settled that a defaulting party ‘has a due process entitlement to notice and opportunity to be heard as to the presentation of and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.’ ” Id. at 666 (quoting Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983)). Indeed, as the Third District observed in Cellular Warehouse, “ ‘[t]he setting of unliquidated damages without the required notice and without proof is regarded as fundamental error.’ ” Id. (quoting Sec. Bank, N.A. v. BellSouth Advert. & Publ’g Corp., 679 So.2d 795, 800 (Fla. 3d DCA 1996), approved, 698 So.2d 254, 256 (Fla.1997)). Furthermore,
[i]t is irrelevant to this analysis that [the defendant] had notice of the default final judgment after it was entered. A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void, and [Florida] Rule [of Civil Procedure] 1.540(b)(4) provides relief from void judgments at any time.
Id. (citing Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006)). See also Szucs, 893 So.2d at 712. Thus, while an error in notice does not void the entire judgment but only that portion awarding unliquidated damages, see Cellular Warehouse, 957 So.2d at 666, *834 where, as here, a portion of the damages sought are unliquidated, “a court must consider evidence and testimony to arrive at the appropriate amount.” Minkoff v. Caterpillar Fin. Servs. Corp., 103 So.3d 1049, 1051 (Fla. 4th DCA 2013) (citing Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So.2d 1148, 1150 (Fla. 4th DCA 2006)).
Accordingly, the Order Denying Defendant’s Motion to Set Aside Default Final Judgment is AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
ROWE, SWANSON, and BILBREY, JJ., concur.