# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1678
Lower Tribunal No. 15-10254
_____

**Jose Diaz,**
Appellant,

vs.

**Lino Calvo,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Cohen Law and Danielle A. Cohen Higgins, for appellant.

Waldman Barnett and Glen H. Waldman and Michael A. Azre, for appellee.

Before SALTER, EMAS and LOGUE, JJ.

SALTER, J.

Jose R. Diaz Duahajre ("Mr. Diaz") appeals a final default judgment for $319,252.95 in trebled damages for civil theft, lesser amounts on other causes of action that are partially duplicative of the civil theft award, and prejudgment interest. We affirm the final judgment in all significant respects, but remand for the ministerial correction of a $21.00 error in computation.

Clear and convincing evidence supported the trial court's decision to strike Mr. Diaz's defenses and enter a default. Mr. Diaz was shown to have threatened a key witness and to have attempted to extort the witness into false testimony. The trial court's power to impose these extreme sanctions "is indispensable to the proper administration of justice, because no litigant has a right to trifle with the courts." Ramey v. Haverty Furniture Cos., Inc., 993 So. 2d 1014, 1018 (Fla. 2d DCA 2008) (quoting Tri Star Invs., Inc. v. Miele, 407 So. 2d 292, 293 (Fla. 2d DCA 1981) (recognizing that the power should be exercised cautiously and sparingly). See also Willie-Koonce v. Miami Sunshine Transfer & Tours Corp., 233 So. 3d 1271 (Fla. 3d DCA 2017).

Addressing Mr. Diaz's arguments that the damages claimed by the appellee should have been characterized as unliquidated rather than liquidated, we disagree. The underlying civil theft count claimed

2

"$106,410.65 (71,500 euros)" in liquidated damages before trebling, itemized for each of three transactions. "Where a default is entered, the defaulting party admits entitlement to liquidated damages, but not unliquidated damages. Cellular Warehouse[, Inc. v. GH Cellular, LLC], 957 So. 2d [662,] 666 [(Fla. 3d DCA 2007)]. Damages are liquidated when the exact amount due may be determined from the pleadings." 1445 Washington Ltd. P'ship v. Lemontag, 19 So. 3d 1079, 1081 (Fla. 3d DCA 2009). Before entry of the final default judgment, the appellee filed a notice that he would not seek or obtain any unliquidated damages on the counts of the complaint which did not specify an exact amount.

Trebling the "exact amount" specified in the civil theft count of the appellee's complaint produces a total of $319,231.95, rather than the $319,252.95 figure included within the final default judgment. For this reason, we remand the case to the trial court for the ministerial purpose of making the correction (and any necessary adjustment to the amount of prejudgment interest computed in the final judgment) and amending the judgment accordingly. In all other respects, we affirm the judgment.