# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0642
Lower Tribunal No. 17-7226
_____

**At Home Care LLC, et al.,**
Appellants,

vs.

**Owen Carhart,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Law Offices of Alan Dagen, P.A., and Alan P. Dagen (Weston), for appellants.

Ainsworth + Clancy, PLLC, and Ryan M. Clancy, for appellee.

Before FERNANDEZ, LOGUE, and MILLER, JJ.

MILLER, J.

Appellant, Christie Samoville, challenges a final judgment rendered in favor of appellee, Owen Carhart. We affirm without further discussion on all issues save one. We conclude the lower tribunal erred in awarding Carhart unliquidated damages in the absence of proof of the same adduced at a properly noticed evidentiary hearing.[1] See DYC Fishing, Ltd. v. Martinez, 994 So. 2d 461, 463 (Fla. 3d DCA 2008) ("When unliquidated damages must be determined as a result of a default, the defaulting party 'is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend.'") (quoting Viets v. Am. Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)); Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) ("It is well settled that a defaulting party 'has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.'") (quoting Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 663 (Fla. 5th DCA 1983)); Petrovsky v. HSBC Bank, USA, 185 So. 3d 700, 701 (Fla. 4th DCA 2016) (Damages that "are not liquidated damages . . . require a hearing. Absent an

---

[1] Carhart argues the damages were derived from an earlier hearing that yielded a subsequently vacated judgment. The disparity between the damages reflected in the earlier judgment and those awarded here, however, precludes such a conclusion.

2

evidentiary hearing, the . . . award will be reversed for a hearing unless there is an indication that the right to a hearing was waived.") (citations omitted). We therefore reverse the final default judgment to the extent it awarded unliquidated damages and remand for an evidentiary hearing.

Reversed and remanded.