# Third District Court of Appeal

## State of Florida

Opinion filed September 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1866
Lower Tribunal No. 16-25408
_____

**Welspring Investments, S.A.,**
Appellant,

vs.

**Simone Frangi,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes; Jorge L. Guerra, P.A., and Jorge L. Guerra, for appellant.

Alonso | Appeals, and Cristina Alonso (Pembroke Pines); Brian M. Torres, P.A., and Brian M. Torres, for appellee.

Before FERNANDEZ, C.J., and LOGUE and BOKOR, JJ.

LOGUE, J.

Welspring Investments, S.A., appeals from a portion of an omnibus order vacating a damages award entered against Simone Frangi following entry of a default. We affirm the trial court's detailed, scholarly, and well-reasoned order concluding that the damages sought by Welspring are unliquidated, thus warranting notice and an opportunity to be heard pursuant to Florida Rule of Civil Procedure 1.440(c).

"Where a default is entered, the defaulting party admits entitlement to liquidated damages, but not unliquidated damages. Damages are liquidated when the exact amount due may be determined from the pleadings. Where evidence must be presented to determine the amount, however, damages are unliquidated." 1445 Wash. Ltd. P'ship v. Lemontang, 19 So. 3d 1079, 1081 (Fla. 3d DCA 2009) (citing Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007); Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 662–63 (Fla. 5th DCA 1983)). Where an action involves unliquidated damages, "'a party against whom default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend.'" Cellular Warehouse, 957 So. 2d at 666 (quoting Viets v. American Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)). The damages sought by Welspring for its money lent claim against Frangi are unliquidated because they cannot be "determined with

2

exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." Id. at 665 (quoting Bowman, 432 So. 2d at 662).

Affirmed.