# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1323
Lower Tribunal No. 19-27777
_____

**Brickell Travel Management, LLC,**
Appellant,

vs.

**Apogee Leadership, LLC,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Xander Law Group, P.A., and Wayne R. Atkins, for appellant.

Miguel A. Brizuela, P.A., and Miguel A. Brizuela, for appellee.

Before SCALES, MILLER, and GORDO, JJ.

PER CURIAM.

Appellant, Brickell Travel Management, LLC, challenges an order denying its motion to vacate a default final judgment rendered in favor of appellee, Apogee Leadership, LLC. We affirm the denial, but we reverse the final judgment to the extent it awarded unliquidated damages and remand for a properly noticed evidentiary hearing. See DYC Fishing, Ltd. v. Martinez, 994 So. 2d 461, 463 (Fla. 3d DCA 2008) (quoting Viets v. Am. Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)) ("When unliquidated damages must be determined as a result of a default, the defaulting party 'is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend.'"); Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) (quoting Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 663 (Fla. 5th DCA 1983)) ("It is well settled that a defaulting party 'has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.'"); Kotlyar v. Metro. Cas. Ins. Co., 192 So. 3d 562, 565 (Fla. 4th DCA 2016) ("[W]hile entry of a default terminates the defendant's right to contest liability or the plaintiff's entitlement to *liquidated* damages, entry of a default does not deprive the defendant of the right to a hearing to determine damages which are *unliquidated*.").

Reversed and remanded.