# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2360
Lower Tribunal No. 21-5904
_____

**Crimson 27, LLC,**
Appellant,

vs.

**Taylor Made Lending, LLC, and Kalvaitis Holdings, LLC,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Coffey Burlington, P.L., and Jeffrey B. Crockett, for appellant.

Seiler, Sautter, Zaden, Rimes & Wahlbrink, and Steven A. Wahlbrink (Fort Lauderdale), for appellee Kalvaitis Holdings, LLC.

Before LOGUE, HENDON, and BOKOR, JJ.

PER CURIAM.

Appellant Crimson 27, LLC ("Crimson") appeals the trial court's denial of its motion to vacate a summary final judgment of foreclosure and foreclosure sale. We affirm in part and reverse in part, only as to the portion of the summary final judgment of foreclosure that liquidated previously unliquidated attorney's fees and costs.

We find no legal basis to set aside the foreclosure sale, which resulted in a sale to Appellee/Third-Party Purchaser, Kalvaitis Holdings, LLC, because Crimson was properly served through its registered agent and was defaulted when it failed to defend. Nevertheless, even though it had been properly defaulted, Crimson remained entitled to notice and an opportunity to be heard regarding the lender's claims for any unliquidated damages, including attorney's fees. Here, although the certificate of service indicates that the lender's summary judgment motion for foreclosure was mailed to Crimson at the address of its manager, Crimson filed an affidavit denying that the motion was ever received. Crimson is entitled to an evidentiary hearing on the issue of whether notice regarding the unliquidated damages was proper and, if not, then proper notice and an opportunity to be heard regarding the lender's claim for unliquidated damages. See Cellular Warehouse Inc. v. GH Cellular LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2009) ("It is well settled that a defaulting party has a due process entitlement to

notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.") (internal quotation marks omitted). See also Oshana v. Lopiano, 314 So. 3d 311, 312 (Fla. 3d DCA 2020) ("Although we review a trial court's ruling on motions for relief from judgment for an abuse of discretion, once a party moving under rule 1.540(b) raises a colorable entitlement to relief exercising that discretion requires holding an evidentiary hearing."). Such a failure to receive notice as to the unliquidated damages "does not void the entire judgment, only that portion awarding unliquidated damages." Cellular Warehouse, Inc., 957 So. 2d at 666. See also § 702.036(1), Fla. Stat.

Accordingly, we reverse in part, only as to the portion of the summary final judgment of foreclosure that liquidated previously unliquidated attorney's fees and costs, and remand for an evidentiary hearing to resolve the issue of fact regarding whether Crimson received the appropriate notice. We affirm in all other respects.