# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0146
Lower Tribunal No. 10-62979
_____


**Anthony Lind Maiuri,**
Appellant,

vs.

**First American Title Insurance Company,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Richard F. Hussey, P.A., and Richard F. Hussey (Fort Lauderdale), for appellant.

First American Law Group, and Lindsay R. Rich (Tampa), for appellee.


Before HENDON, GORDO and BOKOR, JJ.

BOKOR, J.

Anthony Lind Maiuri appeals from an order denying a motion to vacate a default final judgment, vacate a writ of garnishment, and dismiss the case. We affirm without further discussion all issues except for one.[1] Maiuri argues that the amount of the final judgment reflected unliquidated damages and, therefore, rendered void the default final judgment entered without a hearing as well as all subsequent proceedings including the amended default final judgment and the writ of garnishment. First American Title Insurance Company explains that the default final judgment, subsequently amended, reflected a liquidated sum properly entered without a hearing.

First American Title sought to collect on an unpaid promissory note with a principal amount of $20,000 against the co-debtors, Maiuri and Michael Dumas. On October 29, 2013, after obtaining a default final judgment against Dumas in the amount of $43,927.67 (the full amount sought under the note), First American Title entered a satisfaction of judgment as to Dumas only, which contained no indication of the amount Dumas paid.

---

[1] We agree that the default final judgment, based at least in part on unliquidated damages, required a hearing with notice, rendering such judgment void. We find no merit in the arguments raised relating to service of the initial complaint where Maiuri failed to contest such service or timely appeal the denial of any order denying a motion to quash.

Eventually, on April 26, 2016, First American Title served Maiuri. First American Title sought and obtained a default, and subsequently filed an ex-parte motion for default final judgment against Maiuri. On June 13, 2016, the trial court entered a default final judgment against Maiuri for $43,927.67 (the same amount as the default judgment previously entered against Dumas) plus statutory interest. First American Title's attempt to garnish Maiuri's funds at Wells Fargo Bank, in March and April of 2021, finally did what the complaint and default final judgment alone didn't do—it got Maiuri's attention. In the next couple of months, Maiuri moved to dissolve the writ of garnishment, vacate the default and default final judgment, and dismiss the case.[2]

As Maiuri correctly points out, "a judgment is void if . . . in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard." Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017) (citing Tannenbaum v. Shea, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014)). Here,

---

[2] The trial court amended the default final judgment to reflect a $10,000 payment by Dumas, based on an affidavit filed by First American Title. Rather than correcting an error in the default final judgment, this highlights the fact that the amount of the damages could not be ascertained from any mechanical calculation of amounts due and owing in the complaint. Thus, due process entitles Mauri to an evidentiary hearing to determine the amount of actual damages due and owing under the promissory note.

the unliquidated nature of the damages renders the judgment void.  As we have explained in similar circumstances:

> "Where a default is entered, the defaulting party admits entitlement to liquidated damages, but not unliquidated damages.  Damages are liquidated when the exact amount due may be determined from the pleadings. Where evidence must be presented to determine the amount, however, damages are unliquidated."  1445 Wash. Ltd. P'ship v. Lemontang, 19 So. 3d 1079, 1081 (Fla. 3d DCA 2009) (citing Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007); Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 662–63 (Fla. 5th DCA 1983)).  Where an action involves unliquidated damages, "'a **party against whom default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend**." Cellular Warehouse, 957 So. 2d at 666 (quoting Viets v. American Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)).  The damages sought by Welspring for its money lent claim against Frangi are unliquidated because they cannot be "**determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law**." Id. at 665 (quoting Bowman, 432 So. 2d at 662).

Welspring Invs., S.A. v. Frangi, 327 So. 3d 444, 445 (Fla. 3d DCA 2021) (emphasis added).  There's no issue with the promissory note.  The uncertainty comes from the fact that there's a default final judgment entered against a co-promisor, a satisfaction of judgment without any indication of the amount paid, and an affidavit from counsel seeking to quantify the payment.  This fact pattern renders the otherwise liquidated amount under the original promissory note unliquidated because "evidence must be

4

presented to determine the amount" of damages.  Id. (citations and internal quotations omitted).

Accordingly, we vacate the void default final judgment, the amended default final judgment, and the writ of garnishment arising therefrom, and we remand to the trial court to set the matter for final evidentiary hearing or trial.

Affirmed in part, reversed in part, and remanded with instructions.