SILBERMAN, Judge.
 

 Sarasota Estate & Jewelry Buyers, Inc. (“Sarasota Estate”), and Haiel A. Suwaity (“Suwaity”) seek review of the final judgment which awarded Joseph Gad, Inc. (“Gad”), $250,000 plus prejudgment interest, attorneys’ fees, and costs after Sarasota Estate and Suwaity defaulted on a settlement agreement. We affirm the damages award with the exception of the $90,000 in prejudgment interest. Because the prejudgment interest was unliquidat-ed, we reverse and remand for an eviden-tiary hearing on this portion of the damages.
 

 Gad filed suit against Sarasota Estate and Suwaity for money due under a consignment contract and guarantee. Gad asserted alternative claims for open account and account stated. During the course of the litigation, the parties entered into a settlement agreement which acknowledged that Sarasota Estate and Suwaity were indebted to Gad in the principal sum of $250,000. Sarasota Estate and Suwaity agreed to pay Gad monthly installments of $15,000 toward the sum. The agreement provided that no judgment would be entered as long as Sarasota Estate and Su-waity were making the monthly payments. However, in the event of default, Gad was “entitled to judgment, execution, court costs of $360.00, interest at the maximum rate provided by law, and attorneys’ fees of $5,000.00, upon the filing by [Gad] of an Affidavit of Default with the Clerk of the Court, without notice.”
 

 Sarasota Estate and Suwaity failed to pay the first monthly installment by its due date, and Gad filed an affidavit of default. The trial court thereafter entered a final judgment awarding Gad the principal sum of $250,000, plus $90,000 in prejudgment interest, $5,000 in attorney’s fees and $360 in costs. The entire sum was to bear interest at the statutory rate. Sarasota Estate and Suwaity filed a motion for rehearing and to vacate and set aside the final judgment. They asserted that Gad had accepted the monthly payment belatedly and had therefore waived its right to a default judgment.
 
 [1]
 
 The trial court rejected this argument and denied the motion, and we find no error in that ruling.
 

 
 *621
 
 We do, however, find error in the award of prejudgment interest without an evidentiary hearing. The award of prejudgment interest amounted to an award of unliquidated damages because the settlement agreement does not provide a method by which the court was to calculate prejudgment interest.
 
 See Bowman v. Kingsland Dev., Inc.,
 
 432 So.2d 660, 662 (Fla. 5th DCA 1983) (“Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.”). A party who defaults has a due process right to notice and an opportunity to be heard regarding the presentation of evidence for a determination of the amount of unliqui-dated damages.
 
 Cellular Warehouse, Inc. v. GH Cellular, LLC,
 
 957 So.2d 662, 666 (Fla. 3d DCA 2007);
 
 Bowman,
 
 432 So.2d at 663. While the trial court may award liquidated damages without notice, it is fundamental error for the court to award unliquidated damages without providing the required notice and without requiring proof of damages.
 
 Cellular Warehouse, Inc.,
 
 957 So.2d at 666.
 

 Sarasota Estate and Suwaity argue for the first time on appeal that the settlement agreement did not provide for prejudgment interest because its reference to “interest at the maximum rate provided by law” could only be construed to apply to postjudgment interest. Sarasota Estate and Suwaity were not afforded the opportunity to raise this argument prior to entry of the final judgment because they were denied their due process right to notice and the opportunity to be heard on the amount of unliquidated damages. Accordingly, we reverse the award of prejudgment interest and remand for the court to conduct an evidentiary hearing on the matter. The remainder of the damages award is otherwise affirmed.
 

 Affirmed in part; reversed in part; remanded.
 

 FULMER and VILLANTI, JJ., Concur.
 

 [1]
 

 . The record reflects that the trial court entered the final judgment before Sarasota Es-late and Suwaity made the late payment.