# Third District Court of Appeal

## State of Florida

Opinion filed September 06, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-549
Lower Tribunal No. 14-27781

_____

**Miami Beverly LLC, et al.,**
Appellants,

vs.

**City of Miami,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Renee M. Smith, for appellants.

Victoria Méndez, City Attorney, and Kerri L. McNulty and Rachel S. Glorioso Dooley, Assistant City Attorneys, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and LAGOA, JJ.

ROTHENBERG, C.J.

Miami Beverly, LLC, et al., who are the appellants here and the defendants below, appeal the trial court's order denying their motion for relief from a final monetary judgment entered against them on December 24, 2015, after the entry of a default on February 23, 2015, and a default final judgment on June 4, 2015. In this appeal, the appellants do not contest the entry of the default or the default final judgment.[1] What they contest is the entry of a final monetary judgment on December 24, 2015, awarding damages in favor of the appellee, the City of Miami, in the amount of $3,126,387.62.

The appellants contend that the damages are unliquidated damages, requiring an evidentiary hearing and an opportunity to be heard. Because no evidentiary hearing was conducted, and the appellants were not given an opportunity to contest the amount of the City of Miami's damages, the appellants argue that the final monetary judgment is void. We conclude, however, that the damages were liquidated, and although the appellants received notice and were present when the calculation of the damages was addressed, they failed to object or offer any contrary evidence or proof. Thus, the final monetary judgment is, at best, voidable, not void. The appellants' failure to move to vacate or set aside the final monetary judgment for more than one year after the judgment was entered was, therefore, untimely. Accordingly, we affirm.

---

[1] The appellants appealed the default final judgment but that appeal was dismissed for failure to pay the filing fee.

The operative facts are as follows. On October 29, 2014, the City of Miami filed a complaint against the appellants seeking abatement of a public nuisance, injunctive relief, and monetary damages based on substantial and continuing fines for code violations at various apartment complexes owned by the appellants. Attached to the complaint were detailed reports regarding each property, the specific infractions, information on the liens placed on each property as a penalty, and the amount and nature of each lien (whether the lien was for a specific amount or whether it was a "rolling lien" with a specific per diem accrual rate).

A default was entered on February 23, 2015, and a default final judgment was entered on June 20, 2015. After the appellants' initial appeal was dismissed on December 21, 2015, the trial court entered a final judgment on December 24, 2015, granting a permanent injunction and a money judgment against the appellants and in favor of the City of Miami.

On December 28, 2016, over one year after the entry of the final monetary judgment, the appellants filed their motion to vacate or set aside the judgment under Florida Rule of Civil Procedure 1.540(b). Rule 1.540(b)(1-3), however, is unavailable to the appellants as they untimely filed their motion to vacate more than one year after the final judgment was entered. The appellants have not alleged that the judgment has been satisfied or released, so rule 1.540(b)(5) also does not apply. Thus, the only possible remedy available to the appellants under

3

rule 1.540(b) is under subsection (4), which permits a court to grant relief from a void judgment, decree, or order if the motion to vacate is filed within "a reasonable time." The issue in this appeal is therefore whether the final monetary judgment is a void judgment.

A void judgment is one entered without subject matter or personal jurisdiction, see Sterling Factors Corp. v. U.S. Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007), or where there has been a violation of the due process guaranty of notice and an opportunity to be heard. Viets v. Am. Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006). Because there is no dispute that the trial court had jurisdiction over the matter and the parties, this appeal turns on whether the damages awarded to the City of Miami were liquidated or unliquidated, and if liquidated, whether the failure to conduct an evidentiary hearing or otherwise provide the appellants with an opportunity to contest the calculation of the damages amounts to a violation of due process.

I. **Were the damages liquidated or unliquidated?**

Whether damages are liquidated or unliquidated is a question of law reviewable de novo. R & B Holding Co., Inc. v. Christopher Advert. Grp., Inc., 994 So. 2d 329, 331 (Fla. 3d DCA 2008). Damages are liquidated when the amount to be awarded can be determined with exactness from the cause of action as pled, by an agreement by the parties, by an arithmetical calculation, or through

4

application of definite rules of law. <u>Wells Fargo Bank, Nat'l Ass'n v. Sawh</u>, 194 So. 3d 475, 480 (Fla. 3d DCA 2016); <u>Bodygear Activewear, Inc. v. Counter Intelligence Servs.</u>, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006). Damages are not liquidated if testimony is required to determine how to evaluate the damages. <u>Ciprian-Escapa v. City of Orlando</u>, 172 So. 3d 485, 489 (Fla. 5th DCA 2015). For example, a demand for attorney's fees and costs has been held to be a request for unliquidated damages because the reasonableness of the requested fees must be determined. <u>See</u> <u>Dunkley Stucco, Inc. v. Progressive Am. Ins. Co.</u>, 751 So. 2d 723, 724 (Fla. 5th DCA 2000); <u>Gold v. M & G Servs., Inc.</u>, 491 So. 2d 1297 (Fla. 3d DCA 1986).

The appellants contend that the damages in this case were unliquidated because they differ from the amount of damages specifically pled in the complaint and cannot be calculated by a specific formula. Thus, the appellants argue that they were entitled to an evidentiary hearing with notice and an opportunity to be heard. Although a default was entered against the appellants, they would still be entitled to an evidentiary hearing if the amount of the damages were unliquidated. <u>See</u> Fla. R. Civ. P. 1.440(c) ("In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080."); <u>Watson v. Internet Billing Co.</u>, 882 So. 2d 533, 534-35 (Fla. 4th DCA 2004).

However, the record reflects that although the damages awarded to the City of Miami exceeded the amount pled in the complaint, they were determined through an arithmetical calculation and were therefore liquidated damages. The City of Miami's damages were reflected in documented code enforcement liens against the appellants' properties, and this documentation was attached to the complaint. The increase from the dollar amounts pled and the amount awarded resulted from the per diem accrual of additional fines imposed since the filing of the complaint. The complaint also put the appellants on notice that, as to each of the liens identified, the per diem fines would continue to accrue until the pending violations were cured. Additionally, the City of Miami provided the trial court with up-to-date reports supplementing the attachments to the complaint, which detailed the accrual of the fines, along with sworn statements from both the Chief of Unsafe Structures and the Director of Code Compliance for the City of Miami who attested to the veracity of the calculations.

Because the liens attached to the complaint specified the daily accrual rates, and the calculation of the damages was based upon a simple arithmetical calculation, the damages were, as the trial court concluded, liquidated damages.

II. **Was the final monetary judgment subject to rule 1.540(b)(4)?**

The answer to this question is self-evident. Because the damages were liquidated, no evidentiary hearing was required. To be entitled to relief under rule

6

1.540(b)(4), the appellants were required to demonstrate that the final monetary judgment was void. The failure to provide a defendant with notice and an opportunity to be heard where the damages are unliquidated is a due process violation and constitutes fundamental error requiring that the judgment awarding such damages be set aside. See Sarasota Estate & Jewelry Buyers, Inc. v. Joseph Gad, Inc., 25 So. 3d 619, 621 (Fla. 2d DCA 2009) (holding that while a trial court may award liquidated damages without notice, it is fundamental error for the court to award unliquidated damages without providing the required notice and proof of the damages); Tand v. C.F.S. Bakeries, Inc., 559 So. 2d 670, 671 (Fla. 3d DCA 1990) (holding that when a claim involves unliquidated damages, the defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary in order to determine the amount of the damages).

The record in the instant case reflects that the appellants received notice and were afforded an opportunity to contest the amount of damages prior to the entry of the final monetary judgment. Although the appellants were present for the June 4, 2015 hearing, when the issue of supplementing the lien total to reflect the current amounts owed was addressed, the appellants were provided with the supplemental figures on December 9, 2015, and the final monetary judgment was

7

entered on December 24, 2015 incorporating the new totals, the appellants did not object. The appellants therefore cannot prevail under any scenario.

The appellants cannot prevail under rule 1.540(b)(4) because the monetary judgment is not void. The damages were liquidated, so no notice or opportunity to be heard was required. But even if the damages were unliquidated, the appellants were afforded due process. We, therefore conclude that the trial court did not err by denying the appellants' motion for relief of the final monetary judgment filed more than one year after the entry of the final monetary judgment.

Affirmed.