# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1613
Lower Tribunal No. 14-28685
_____


**Jesus Estrada, Sr.,**
Appellant,

vs.

**Jesus Estrada, Jr. and Aixa Estrada,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Jennifer A. Kerr; David S. Harris, for appellant.

Bernhard Law Firm, PLLC and Andrew J. Bernhard, for appellees.


Before EMAS, C.J., and FERNANDEZ, and MILLER[1], JJ.

FERNANDEZ, J.

_____

[1] Did not participate in oral argument.

Appellant Jesus Estrada, Sr. appeals the trial court's order granting appellees Jesus Estrada, Jr. and his wife, Aixa Estrada's, Motion to Set Aside Void Default and Default Judgment. We agree with appellant that the trial court erred in vacating the default and default judgment, as the judgment in question was not void or voidable. In addition, appellees' Motion to Set Aside Void Default and Default Judgment was legally insufficient, as it was untimely and unverified. We thus reverse the trial court's order granting appellees' Motion to Set Aside Void Default and Default Judgment and remand for the trial court to reinstate the Order of Default and Final Default Judgment.

Appellant filed a complaint against appellees for breach of fiduciary duty, conversion, and unjust enrichment on November 10, 2014. Appellant, father to appellee Estrada, Jr., claimed he allowed appellees to manage three rental apartment buildings appellant owned in Florida. Appellees, who are residents of Texas, then allegedly induced appellant to sell the properties and converted the proceeds of the sale, totaling $2.2 million, to buy seven properties in Texas in appellees' names. Appellant alleged appellees gave appellant seven sham quit-claim deeds purporting to list appellant as the owner of the properties. Thereafter, appellant found out from his other adult son that appellant was not the owner of the properties.

2

On January 30, 2015, each of the appellees was served with process at their home at 15720 East Davis Road, Edinburg, Hidalgo County, Texas. This is undisputed in the record, and the appellees have not alleged lack of service. Each summons served on each appellee instructed them as follows:

> Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney: David S. Harris, Esq., whose address is: 6431 SW 39 Street, Miami, FL 33155 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

This language contained in the summons meets Florida's service requirements for litigants, which also includes pro se parties. In addition, Florida Rule of Judicial Administration 2.516 governs the service of pleadings and documents in Florida. Rule 2.516(b)(2), which deals with parties not represented by an attorney, provides:

> Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:
>
> (A)  handing it to the attorney or the party,
> (B)  leaving it at the attorney's or party's office with a clerk or other person in charge thereof,
> (C)  if there is no one in charge, leaving it in a conspicuous place therein,

(D)     if the office is closed or the person to be served has no office, leaving it at the person's usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or

(E)     transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy must also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.

(F)     Service by delivery after 5:00 p.m. must be deemed to have been made by mailing on the date of delivery.

It is undisputed that appellees did not serve appellant's attorney with any paper or answer to the complaint.

Thereafter, appellant filed a motion for default and default for each appellee. These motions were served on appellees at their home address in Texas, the same home address where each appellee was served with process. Appellees never filed any response to the motions for default and default.

On May 14, 2015, the Miami-Dade Clerk of Courts issued a Notice of Default Not Entered. This notice stated that the reason the clerk was not authorized to enter the default was because the summons were served on out of state defendants. The notice instructed appellant to move for default, which the appellant did that same day. In addition, the notice does not indicate that an answer or other paper was filed by defendants/appellees.

On June 22, 2015, appellees were then served with a Notice of Hearing on appellant's motion for default judgment, which was set for July 21, 2015. At that

4

hearing, the trial court entered an Order of Default against appellees for failing to serve or file any paper as required by law. Appellees did not attend the July 21, 2015 hearing. The Order of Default was served on appellees at their Texas home address.

On August 19, 2015, appellant filed a motion for entry of final judgment and an affidavit of proof of claim signed by appellant, stating that appellees owed appellant $2,200,000.00, plus interest and court costs. Appellees never filed any response to this. A copy of this motion for final judgment, along with a copy of the complaint, was served on appellees at their Texas home address. The appellees never filed a response to appellant's motion.

On April 12, 2016, the trial court entered a default final judgment. It was served on appellees at their home address in Texas.

Thereafter, on April 28, 2017, counsel for appellees filed a notice of appearance and filed an unverified motion to set aside void default and default judgment, under Florida Rule of Civil Procedure 1.540(b). Appellees' attorney alleged in the motion that appellees served a response to the complaint on February 16, 2015, claiming that appellant had no damages. The court docket reflects that an ex-parte letter was mailed to the Miami-Dade County Court. The docket for the trial court case shows the letter docketed on February 19, 2015. The letter does not state that it was mailed or delivered to appellant's attorney and does not include a

5

certificate of service to appellant's attorney. The date, "February 16, 2015" is typed at the top of the letter, as well as the lower court case number. The Clerk of Courts of Miami-Dade County's name is not stamped on the letter. On the right side of the paper on which the letter is printed, the letter shows an illegible stamped line that looks to be a date with a time. Each appellee also filed an affidavit as to lack of service, claiming that from February 16, 2015 to April 17, 2017, they received no filings or documents relating to appellant's lawsuit and nothing was served on them at their home in Texas. However, appellees do not dispute in their affidavits that they were personally served with the summons and complaint at their home address in Texas, that they failed to serve appellant's counsel with a response, and that the summons instructed that they had to serve appellant's counsel with their response.

Appellant then filed the Affidavit of David S. Harris, appellant's trial attorney, in response to the appellees' unverified motion to set aside void default and default judgment and appellees' affidavits, wherein appellant's trial attorney outlined the procedural history of the case, detailed how the summons and complaint was served on each appellee, and described all the motions and notices he filed. In his affidavit, appellant's trial attorney also stated that he never misrepresented to the court regarding any response filed by appellees; that he was never served with any response to the complaint; that he was never aware before

6

final judgment of any papers filed in the court by either appellee; and that at no time within one year of the entry of the final judgment, did he receive any response, answer, defenses, objections or documents from either appellee; nor did he receive a phone call or email advising him of any response, answer, defenses, or objections to the lawsuit or motions or documents filed by the appellees. He stated that the first notice he received regarding any document filed on behalf of the appellees was after one year expired from entry of the final judgment, when he received a Notice of Appearance from appellees' counsel. Appellant also filed Plaintiff's Response in Opposition to Defendants' Motion to Set Aside Void Default and Default Judgment in support of his position as to why appellees were not entitled to set aside the default and the default final judgment.

The hearing on the motion to set aside was held on June 12, 2017. At the hearing, appellant contended that appellees had not served appellant's attorney with a response to the complaint. Appellant further argued that appellees' motion was unverified; thus, the trial court could not consider it. The transcript of the hearing indicates that the trial court did not review the record, but reviewed the docket and granted appellees' motion to set aside default and default judgment.

On appeal, appellant contends that the default final judgment was proper because appellees were personally served with the summons and complaint, had notice of all proceedings, and failed to object. We agree with appellant and reverse

7

the trial court's order granting appellees' motion to set aside void default and default judgment. The trial court's order on appeal was entered pursuant to Florida Rule of Civil Procedure 1.540(b)(4), thus the standard of review we apply is *de novo*. Vercosa v. Fields, 174 So. 3d 550, 552 (Fla. 4th DCA 2015) ("Whether a judgment is void is a question of law reviewed de novo.").

First, we agree with appellant that appellees had notice of the lawsuit, thus their due process rights were not violated. Appellees moved to set aside void default and default judgment according to rule 1.540(b)(4). Rule 1.540(b)(4) provides relief from void judgments, which may be granted at any time. Viets v. Am. Recruiters Enters., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006). A violation of due process renders a judgment void. Id. Due process requires fair notice and an opportunity to be heard. Id.

Here, however, appellees were properly served with the complaint at their home address in Texas. They do not dispute this. Appellees also were subsequently served with the motions for default and notice of hearing on appellant's motion for default judgment, thereby providing them with notice and an opportunity to be heard. Appellees did not attend the hearing, and they did not file objections to any of the motions. Appellees were also served with the order of default, to which they did not object. They were further served with the motion for entry of final judgment and appellant's affidavit claiming the $2,200,000.00 in damages, to

8

which appellees also did not object. Therefore, appellee's due process rights were preserved, making the default judgment not void. <u>Curbelo v. Ullman</u>, 571 So. 2d 443, 445 (Fla. 1990).

Moreover, pursuant to Florida Rules of Civil Procedure 1.540(b)(1), 1.540(b)(2), and 1.540(b)(3), voidable judgments must be challenged by motion no later than one year after entry of judgment. In the case before us, appellees filed a notice of appearance and an unverified motion to set aside void default and default judgment on April 28, 2017, which is in excess of one year after entry of judgment by the trial court. As a result of appellees' non-compliance with the time requirements of rule 1.540(b), their motion to set aside void default and default judgment should not have been granted, even as a voidable judgment. <u>See</u> <u>Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n</u>, 968 So. 2d 658, 665 (Fla. 2d DCA 2007) (stating that a voidable judgment "cannot be challenged at any time as void under rule 1.540(b)(4)."). Therefore, because the default judgment was neither void nor voidable as a matter of law, the trial court erred in granting appellees' motion to set aside void default and default judgment.

With respect to the ex-parte letter that appears on the docket that appellees claim they mailed to the Clerk of the Court in Miami-Dade County, Florida Rule of Civil Procedure 1.500(b) states that if the trial court is to enter a default judgment

9

after a paper has been filed, it must be done with notice to the party of the application for default.  Rule 1.500(b) provides:

> **By the Court.** When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default.

Thus, even if this Court considers the appellees' ex-parte letter to be a document that was filed in the action below, the Order on Default initially entered by the trial court is still not void, as the record reflects that notice of the application for default was served on appellees at their home address in Texas before the trial court entered its default.[2]  Thus, according to rule 1.500, the trial court's order on default was not void and should not have been set aside.[3]

---

[2] As previously discussed, the record contains a copy of the docket indicating an ex-parte letter was docketed by the Clerk of Courts of Miami-Dade County on February 19, 2015, however, the letter does not indicate that it was mailed or delivered to appellant's counsel. The Clerk of Court's name is not stamped on the letter. The letter contains one illegible stamp line on it that looks like a date. As the appellant indicates in his brief, all documents filed with the clerk, except for appellees' ex-parte letter, have a five-line stamp. The first line is boldly printed and states, "FILED FOR RECORD".  The second line contains the date. The third line is stamped, "Clerk, Circuit & County Cts." The fourth line is stamped, "Miami-Dade County, Fla". The fifth line is stamped, "Civil Division" and contains the deputy clerk's name who stamped the document and filed it.  If the clerk's stamp includes Harvey I. Ruvin's stamped name on the third line, then the deputy clerk's name is not stamped on the document. In that case, "Harvey I. Ruvin" is stamped after "Filed for Record", and the date, but before "Clerk, Circuit & County Cts", "Miami-Dade County, Fla", and "Civil Division".

[3] In addition, with regard to the appellees' contention that the damages were

In sum, we find that the trial court erred in setting aside the default and default judgment because, as a matter of law, it was neither void nor voidable. We thus reverse the trial court's order granting appellees' Motion to Set Aside Void Default and Default Judgment and remand for the trial court to reinstate the Order of Default and Final Default Judgment in favor of appellant.

Reversed and remanded with instructions.

---

unliquidated, we disagree. The record reflects that the damages awarded to appellant, $2.2 million with interest and court costs, was exactly the amount pled in paragraph six of the appellant's complaint (the total proceeds from the sale of the Florida properties) and attested to in appellant's Affidavit in Proof of Claim. Appellees never objected to this amount, even after they received notice of the amount and were given the chance to object before the entry of the final default judgment. Consequently, even if the damages were unliquidated, appellees waived their right to object. Miami Beverly LLC v. City of Miami, 225 So. 3d 989 (Fla. 3d DCA 2017).