# Third District Court of Appeal
## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-300
Lower Tribunal Nos. 20-267-AP and 18-26688-SP

_____

**Lashonda Young,**
Appellant,

vs.

**Dominique Moxey,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Hazel Law, P.A., and Robin F. Hazel (Hollywood), for appellant.

No appearance, for appellee.

Before FERNANDEZ, C.J., and LOGUE, and HENDON, JJ.

FERNANDEZ, C.J.

Lashonda Young appeals the trial court's order denying the motion to vacate the April 3, 2019 Default Final Judgment. Because we find that the April 3rd Judgment is void on due process grounds, we reverse the order denying the motion to vacate and remand with instructions to vacate the April 3, 2019 Judgment.

Dominique Moxey sought $3,000.00 in damages for injuries sustained during an altercation between Moxey and Young. The record contains a final default judgment that was entered against Young on April 3, 2019, granting $4,496.97 in damages to Moxey. The April 3rd trial on damages was held at an earlier time than what had been scheduled in the notice, and Young was not present at the trial. The case was subsequently reset for a non-jury trial on April 30, 2019. Following the re-scheduled trial, on May 1, 2019, the trial court entered judgment in favor of Moxey for only $319.95 in damages. However, the record does not contain an order vacating the April 3rd Judgment.

A writ of garnishment was filed against Young on July 9, 2020. Young claims that it was at this point that she realized that the April 3rd Judgment had not been vacated, even though the trial was reset and a subsequent judgment was entered. On July 13, 2020, Young filed a motion to vacate final judgment and sought to stay the April 3rd Judgment. The trial court denied

2

the motions and issued a writ of garnishment on July 15, 2020, which was subsequently executed.

On August 5, 2020, Young filed an amended motion to vacate the April 3rd Judgment. On November 20, 2020, the trial court denied the amended motion to vacate and declared that "[t]he Final Judgment entered on April 3rd, 2019 against Defendant is valid." This appeal followed.

The record shows that the April 3, 2019 trial was reset on due process grounds, owing to insufficient notice of trial[1]. Although the motion to vacate was filed more than one year after the April 3rd Judgment, because it was entered in violation of due process, the judgment is void and can be challenged at any time. Tannenbaum v. Shea, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014) (quoting Shiver v. Wharton, 9 So. 3d 687, 690 (Fla. 4th DCA 2009)) ("[A] judgment is void if, in the proceedings leading up to the judgment, there is '[a] violation of the due process guarantee of notice and an opportunity to be heard.'"). Additionally, because there was no pleaded agreement between the parties, arithmetical calculation, applicable rule of law, or any other method to determine damages with exactness, the damages were unliquidated, which required the trial court to provide Young

---

[1] Although the trial was noticed for a time certain on April 3, 2019, it was held much earlier without sufficient notice to appellant.

with proper notice and an opportunity to be heard. <u>See</u> <u>Lincoln Mews Condo.</u> <u>Ass'n, Inc. v. Harris</u>, 276 So. 3d 344, 348 (Fla. 3d DCA 2019) (quoting <u>Miami</u> <u>Beverly LLC v. City of Miami</u>, 225 So. 3d 989, 992 (Fla. 3d DCA 2017) ("The failure to provide a defendant with notice and an opportunity to be heard where the damages are unliquidated is a due process violation and constitutes fundamental error requiring that such damages be set aside."); <u>Sarasota Estate & Jewelry Buyers, Inc. v. Joseph Gad, Inc.</u>, 25 So. 3d 619, 621 (Fla. 2d DCA 2009) (quoting <u>Bowman v. Kingsland Dev., Inc.</u>, 432 So. 2d 660, 662 (Fla. 5th DCA 1983)) ("Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.").

The April 3rd Judgement is void on due process grounds. Therefore, we reverse the order denying the motion to vacate and remand the case with instructions to vacate the April 3, 2019 Judgment.

Reversed and remanded with instructions.