# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0116
Lower Tribunal No. 23-27703-CA-01
_____

**Trident Real Estate, Inc.,**
Appellant,

vs.

**Sonny & Ricardo, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Barakat + Bossa PLLC, and Jocelyne A. Macelloni, and Ali S. Iftikhar, for appellant.

BergaLaw, P.A., and Christopher G. Berga, for appellees.

Before LOGUE, LINDSEY, and GOODEN, JJ.

LINDSEY, J

Appellant, Trident Real Estate, Inc. appeals the Final Default Judgment entered in favor of Appellee, Sonny & Ricardo, LLC. Because Sonny's Complaint does not plead a specific damages amount, there is no agreement by the Parties, and the damages for fraud and misrepresentation cannot be ascertained by arithmetical calculation or by an application of legal principles, we reverse and remand for an evidentiary hearing on the amount of damages to be awarded.

This is a landlord-tenant dispute. Sonny, the tenant, sued Trident for fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation. Trident failed to answer these claims, so the clerk entered its Default. The trial court later entered its Final Default Judgment awarding Sonny liquidated damages based solely on an affidavit of damages attached to Sonny's Motion for Final Default Judgment. This timely appeal followed.

The review of the entry of a default final judgment is under abuse of discretion. Azure-Moore Invs. LLC v. Hoyen, 300 So. 3d 1268, 1270 (Fla. 4th DCA 2020). "It is well settled that a defaulting party 'has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.'" Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) (citations omitted); Miami Beverly LLC

2

v. City of Miami, 225 So. 3d 989, 992 (Fla. 3d DCA 2017) (citing Watson v. Internet Billing Co., 882 So. 2d 533, 534-35 (Fla. 4th DCA 2004) ("Although a default was entered against the appellants, they would still be entitled to an evidentiary hearing if the amount of the damages were unliquidated.")); Fla. R. Civ. P. 1.440(d) ("In actions in which the damages are not liquidated, the order setting an action for trial must be served on parties who are in default . . . .").

"Damages are liquidated when the amount to be awarded can be determined with exactness from the cause of action as pled, by an agreement by the parties, by an arithmetical calculation, or through application of definite rules of law." Miami Beverly LLC, 225 So. 3d at 992 (citations omitted). Damages are unliquidated when they "cannot be ascertained without testimony or evidence of the appropriate monetary value of these alleged damages." Stamper v. Sahai, 318 So. 3d 1, 3 (Fla. 4th DCA 2021).

Sonny's awarded damages cannot be ascertained with exactness and are unliquidated. Cf. Miami Beverly LLC, 225 So. 3d at 992. Sonny's Complaint lacks any specific damages, nor is there any agreement by the Parties on damages. The trial court also awarded damages by solely relying on an unsubstantiated affidavit. The trial court did not (and could not) ascertain damages by arithmetical calculation or through application of

3

definite rules of law. Id. Instead, it relied on evidence to make a value judgment on what damages should be. Id.

As our courts have previously held, the trial court cannot—as it did here—rely solely on Plaintiffs' Affidavit of Damages to award Sonny damages without affording Trident its due process rights. See DYC Fishing, Ltd. v. Martinez, 994 So. 2d 461, 463 (Fla. 3d DCA 2008) ("[T]he trial court committed reversible error in relying solely on the Plaintiffs' affidavit of damages in awarding unliquidated damages . . . ."); see also Yanofsky v. Isaacs, 277 So. 3d 132, 134 (Fla. 4th DCA 2019) ("Here, the damages sought in the complaint were not liquidated, and the court erred in relying solely on Isaacs's damages affidavit.").

Thus, Sonny's damages are unliquidated because they "cannot be ascertained without testimony or evidence of the appropriate monetary value of these alleged damages." Stamper, 318 So. 3d at 3. Accordingly, we reverse and remand for an evidentiary hearing on the amount of damages to be awarded with notice to the Parties.

Reversed and remanded with instructions.